249 So.2d 761 (1971)
William FARR, Appellant,
v.
Rhoda FARR (Landis), Appellee.
No. 70-931.
District Court of Appeal of Florida, Third District.
June 22, 1971.
Sol Maisel and Herbert L. Heiken, Miami, for appellant.
John Gale, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
*762 BARKDULL, Judge.
By this interlocutory appeal, review is sought of a post-final decree order entered by a chancellor, wherein he made certain adjudications relative to determining the property rights of the parties, support for a child of the parties, appointment of a special master, and directions to a certified public accountant.
The primary contention by the appellant is that the trial court was without jurisdiction to go into the property rights of the parties, notwithstanding the fact that at the time of the final hearing counsel for the appellant consented to the chancellor reserving jurisdiction to determine property rights subsequent to the entry of the final decree of divorce. We find this position not to be well taken.
It was at the urging of counsel for the apppellant that jurisdiction to determine property rights was reserved; it was consented to by counsel for the appellee; it was acted upon by the court; and we find that in this case the chancellor had the power to reserve this determination until a time subsequent to his resolving the issue of divorce.
Counsel for the appellant relies for reversal on several authorities, particularly Sistrunk v. Sistrunk, Fla.App. 1970, 235 So.2d 53. All of his authorities, with the exception of Sistrunk v. Sistrunk, supra, we find distinguishable upon the fact that no consent to reservation of jurisdiction was made prior to the entry of the final judgment. We find the above cited opinion distinguishable on the facts, and if it is not so distinguishable then this opinion will be in conflict therewith.
In the case of Sistrunk v. Sistrunk, supra, the chancellor found that the parties held certain property as an estate by the entireties at the time of the entry of the final judgment of divorce. Upon the dissolution of the marriage, by operation of law, they became tenants in common of this property. Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123; Schoenrock v. Schoenrock, Fla.App. 1967, 202 So.2d 571; § 689.15, Fla. Stat., F.S.A. No question of a special equity was involved, and this opinion held that after a dissolution of the marriage [notwithstanding the supposed reservation of jurisdiction to determine property rights] a chancellor would be without the power to consider a special equity of the wife subsequent to a judgment of divorce. In the instant case, the wife has always claimed a special equity in certain property of the husband. At no time has there been a determination of property rights, either by operation of law or by an act of the chancellor. And, we hold that under these facts the trial judge had the jurisdiction to continue the cause to determine a special equity, if any, possessed by the wife.
It is apparent that the child of the parties, although having passed his majority, is suffering a physical disability which was known to the chancellor, and we find no error in his requiring the father to continue the support payments subsequent to the child reaching his majority until such a time as he could have a full hearing on the matter; this is clearly within his discretion. Perla v. Perla, Fla. 1952, 58 So.2d 689; Fincham v. Levin, Fla.App. 1963, 155 So.2d 883.
No objection was made by the appellant to the appointment of a special master and, in fact, it appears that he consented to same. Therefore, no error has been demonstrated in this regard. Marx v. Withers, 119 Fla. 692, 160 So. 662; Moore v. Hendry, 126 Fla. 411, 171 So. 228; Marsh v. Sarasota County, Fla.App. 1957, 97 So.2d 312; Karl v. David Ritter, Sportservice, Inc., Fla.App. 1964, 164 So.2d 23.
Lastly, the certified public accountant was the accountant for both parties and there was no error in the order requiring him to appear and testify regarding the financial affairs of the parties.
*763 Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.