HENDRY, Judge.
Appellant is Daniel Lasky, executor of the estate of Louis Lasky, deceased. Louis Lasky was the defendant below who was sued by appellee-plaintiff Pearl Golden, his former wife, in his status as the divorced natural father of the use appellee-plaintiff Beverly Lasky. Appellant seeks review of a judgment styled a “final judgment” entered after a hearing before the circuit court relating to child support.
The “child”, Beverly Lasky, age twenty-six at the time of the hearing, was the daughter of appellee-plaintiff, Pearl Golden and the defendant, Louis Lasky. They were divorced in February 1964. Beverly Lasky was at the time of hearing institutionalized in the South Florida Mental Hospital, suffering from a form of epilepsy and mental problems. She was, prior to the instant hearing, declared incompetent by a Florida court after she had attained her majority. Her mother alleged in this independent action that she was unable to support her daughter but that Mr. Lasky, her divorced husband, was able to do so.
The court ruled, and so recited in the judgment appealed, that proffered evidence of Beverly’s marriage (which she later had annulled) and of her gainful employment with her father prior to the adjudication of her incompetency lacked materiality, and therefore was inadmissible. The court found, and so stated in the judgment, that Beverly was then unable to support herself and, based on Perla v. Perla, Fla.1952, 58 So.2d 689 and Fincham v. Levin, Fla.App.1963, 155 So.2d 883, that her father was liable for her support. See: Farr v. Farr, Fla.App.1971, 249 So.2d 761.
We hold that it was error for the trial court to exclude the proffered evidence. The mental and physical capacity of the daughter before and after she reached her majority and at and during her marriage were material to the court’s determination of whether or not the father’s liability for the support of his daughter should continue after she reached her majority.
For the reasons stated the judgment appealed is reversed and remanded for further proceedings.
Reversed and remanded.