310 So.2d 378 (1975)
Leonard J. HYMAN, Appellant,
v.
Mary K. HYMAN, Appellee.
No. 74-96.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied April 4, 1975.
C. Eugene Jones, Ginsburg, Ross, Dent & Byrd, Sarasota, for appellant.
William C. Strode, Strode, Hereford & Taylor, Sarasota, for appellee.
BERANEK, JOHN R., Associate Judge.
This is an appeal in a dissolution of marriage case as consolidated below with a separate suit on an oral contract. An appeal and cross-appeal have been taken. We affirm.
The parties will be referred to as husband and wife. After a five-year marriage, the wife filed suit for dissolution. The husband filed a separate suit alleging an oral contract between himself and a corporation in which he and the wife owned stock and which was devoted to family business ventures. The wife filed an answer and counterclaim in the contract *379 suit. The Trial Court consolidated the two cases.
After a trial the Court entered judgment dissolving the marriage and reserving jurisdiction to later determine the complex property division questions involved in the two suits. Approximately two months later the amended final judgment disposing of the property questions was entered. A later order amended the judgment in minor respects not involved in this appeal.
The husband appeals and asserts three points. He contends the Trial Court erred (1) in reserving jurisdiction, (2) in awarding the wife a special equity in jointly owned property, and (3) in admitting certain evidence.
On cross-appeal the wife attacks an award to the husband of money damages in the contract suit.
The husband/appellant argues the Trial Court had no power to reserve jurisdiction to determine property rights. He thus contends that all property owned by the parties as tenants by the entirety was subject to the automatic effect of Florida Statute 689.15. The husband claims he and the wife now own all property previously owned by the entireties as tenants in common by virtue of the automatic effect of the Statute and that the Court's subsequent judgment awarding the wife a special equity was in conflict with the rules laid down in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); McEachin v. McEachin, 154 So.2d 894 (1st D.C.A.Fla. 1963); and Sistrunk v. Sistrunk, 235 So.2d 53 (4th D.C.A.Fla. 1970). The appellee/wife asserts the reservation of jurisdiction was valid and relies on Farr v. Farr, 249 So.2d 761 (3d DL.C.A.Fla. 1971).
The question is whether a Trial Court may enter a judgment dissolving a marriage but within said judgment reserve jurisdiction to determine later the property rights between the parties. It is uncontested that a court may reserve jurisdiction to determine child custody, support and alimony. The cases relied upon by appellant are to the effect that a "final judgment of dissolution" must settle all property rights and that no reservation of jurisdiction to determine property rights may be made. The Farr case, supra, appears to be to the contrary. Therein, the parties had stipulated to a reservation of jurisdiction and the Third District Court held that reservation valid.
It is the opinion of this Court that the Trial Court herein had adequate basis to reserve jurisdiction over the property rights of the litigants due to the consolidation of the dissolution and contract actions. The jointly owned property was the subject of the consolidated contract suit and jurisdiction, therefore, appears clear.
It is further the opinion of this Court that the Court below had the power to reserve jurisdiction in the dissolution case alone. We rule that a Trial Court may enter an interlocutory order granting a dissolution of marriage and therein reserve jurisdiction to later determine property rights. The Judgment of Dissolution remains interlocutory until such time as a Final Judgment of Dissolution is later entered determining all property rights and confirming the interlocutory judgment previously entered.
As to the Sistrunk case and other similar cases, this Court believes them to be distinguishable in that they involved situations where property rights were actually determined but a reservation of jurisdiction was also made. To the extent that such cases are not distinguishable, then this case stands in conflict.
Based on the foregoing, Florida Statute 689.15 did not come into effect until the Court disposed of all property rights in the second judgment.
As to all other matters raised on appeal and cross-appeal, this Court has reviewed the record, briefs and arguments, and finds no reversible error. The judgments below are, therefore, affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.

*380 ON PETITION FOR REHEARING
BERANEK, JOHN R., Associate Judge.
Appellant seeks rehearing and argues that a lapse of time between an interlocutory order of dissolution and a later final judgment determining property rights and confirming dissolution would cause temporary uncertainty as to the status of the parties and their property.
Despite this argument we believe our opinion is sound. The interlocutory order of dissolution would be subject to interlocutory review like any other order in a case formerly cognizable in equity as defined in Rule 4.2, F.A.R. The order would further be appealable within 30 days of the final determination in the case.
An interlocutory dissolution with an express reservation of jurisdiction also appears consistent with the liberal purposes of the no-fault divorce act stated in the preface thereto. See Fla. Stat. § 61.001(2)(b) and (c). Further, the act provides, "If at any time, the court finds the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage." We believe that when circumstances warrant the trial court may exercise its discretion in entering an interlocutory dissolution and reserving jurisdiction to later determine property rights. Doing so may create problems requiring further judicial determination, but this is no ground for holding that jurisdiction does not exist. We believe the good to be accomplished outweighs any uncertainty created. Such a procedure should be employed with caution and will be the exception rather than the rule. Trial judges have discretion and we are confident that this discretion will be wisely exercised in the exceptional circumstances which may require an order as outlined herein.
The petition for rehearing is denied.
HOBSON, Acting C.J., and GRIMES, J., concur.