330 So.2d 67 (1976)
Norma C. KIPNIS, Appellant,
v.
Jerome L. KIPNIS, Appellee.
No. 75-1666.
District Court of Appeal of Florida, Third District.
March 30, 1976.
Rehearing Denied April 27, 1976.
Heller & Kaplan, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Affirmed. See Hyman v. Hyman, Fla. App. 1975, 310 So.2d 378; Becker v. King, Fla.App. 1975, 307 So.2d 855; Klarish v. Klarish, Fla.App. 1974, 296 So.2d 497, and Farr v. Farr, Fla.App. 1971, 249 So.2d 761.
NATHAN, Judge (concurring in part and dissenting in part).
Appellant filed a petition for dissolution of marriage and alleged therein that the parties had been married for 25 years, 5 children were born of the marriage and that the husband and wife owned substantial property as an estate by the entireties. The wife answered and counterclaimed and claimed special equities in the husband's property, and alimony. The trial court, upon motion of the husband, and over vigorous objection by the wife, entered an order setting only the dissolution of marriage issue of the cause for trial, reserving and retaining jurisdiction on all other matters and issues, including property rights, until a later date at which time a hearing would be set by the court. It is from this order that the wife filed this interlocutory appeal contending in effect that the trial judge erred in entering the appealed order because if only the dissolution of marriage is granted, property rights between husband and wife will be fixed and that the proposed reservation of jurisdiction to later determine and adjudicate property rights in the future, will have no efficacy.
I concur in this court's affirmance of the order by which the trial court made provision to the extent that it would first hear the petition for dissolution of marriage and reserve jurisdiction thereafter to hear and dispose of other issues including those relating to property rights. Without such a reservation of jurisdiction to later deal with issues based on claims of one party against the other relating to property, a judgment of dissolution of marriage would bar subsequent litigation of such property rights between the parties. Finston *68 v. Finston, 1948, 160 Fla. 935, 37 So.2d 423; McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894; Simon v. Simon, Fla.App. 1974, 293 So.2d 780; Sistrunk v. Sistrunk, Fla.App. 1970, 235 So.2d 53.
The majority opinion cites the case of Hyman v. Hyman, Fla.App. 1975, 310 So.2d 378, as reliance for affirmance of this case. In Hyman, supra, the court held that a trial court may enter an order which it terms interlocutory granting the dissolution of marriage and then reserving jurisdiction to determine property rights between husband and wife irrespective of § 689.15, Fla. Stat., which expressly provides that estates held by the entireties, upon dissolution of marriage, become tenancies in common. The rationale that § 61.052(2)(b)3, Fla. Stat.,[1] is authority for an interlocutory judgment of dissolution which postpones the effect of § 689.15, Fla. Stat. falls wide of the mark.
I recognize the trial court, in administering a proceeding for dissolution of marriage which involves other incidental issues, has jurisdiction and power to grant a dissolution of marriage and later, based on a proper reservation of jurisdiction to try remaining issues, including those relating to certain property of the parties. In my opinion, that practice, which appears to have attained a degree of prevalence under the no-fault divorce law where seldom there is any substantial contest as to the dissolution of the marriage, is not advisable and should be limited to instances where it is not practicable to hear and dispose of all such issues or matters prior to entry of any judgment because of some compelling or sufficient reason other than for convenience of the court.
Too many circumstances can occur, detrimental to a party, between the time of entry of a judgment dissolving a marriage and the entry of a judgment some weeks or months later dealing with property rights.
A judgment of dissolution of marriage is final as to the marital status. There is no provision in the law of Florida, as there is in some states, for the entry of an interlocutory decree of judgment of dissolution of marriage, under which the dissolution of the marriage would not become effective until the lapse of some period, such as a year after the judgment.
For example, in the interval of time after the marriage has been dissolved by the entry of a judgment and prior to some later judgment relating to the parties' property, one spouse could remarry and then die. There would then be involved the factor of dower of the second spouse. Or, one spouse, without having remarried, might die during such interval. That circumstance could needlessly prompt questions and further litigation as to the legal effect of death upon properties which the respective spouses had held as an estate by the entireties during coverture.
While the court has the power to proceed with a hearing on the dissolution of marriage, I am of the opinion that it would be error for the trial court to grant such dissolution in light of the objection of the wife in this case. Compare Farr v. Farr, Fla.App. 1971, 249 So.2d 761.
To the extent that the majority opinion follows the holding in Hyman, supra, I respectfully dissent.
NOTES
[1] "... if, at any time, the court finds that the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage ..."