PEARSON, Judge.
There has recently appeared in the opinions of the District Courts of Appeal of Florida the concept that a dissolution of a marriage may be entered upon a determination that the marriage is irretrievably broken with the trial court by subsequent judgment proceeding to settle the financial problems of the dissolution. See Klarish v. Klarish, Fla.App.1974, 296 So.2d 497; Becker v. King, Fla.App. 1975, 307 So.2d 855, 860; Hyman v. Hyman, Fla.App. 1975, 310 So.2d 378; In re Marriage of Golub, Fla.App.1975, 310 So.2d 380. This appeal is concerned with such an order.
The difficulties which may be caused by such a procedure are illustrated, in part, by the facts of this case.[1] The deceased ap-pellee, Nathaniel Garfinkl, a wealthy, elderly man, filed for dissolution of his marriage to his wife, .Mae Diamond Garfinkl, the appellant. Mae answered and denied that the marriage was irretrievably broken. A trial date was set. Mae did not attend but evidence was submitted by Nathaniel that the marriage was irretrievably broken. The judge entered an order entitled “Partial Final Judgment of Dissolution of Marriage” in which he provided:

“That the marriage of NATHANIEL GARFINKL and MAE DIAMOND GARFINKL, his wife, is irretrievably broken and therefore said marriage is hereby dissolved.
“IT IS FURTHER ORDERED AND ADJUDGED:
“That the Court shall reserve for final determination the question of the Respondent-Wife’s Petition for affirmative relief which shall be determined at a later Hearing to be set.”

Nathaniel died and his executor has been substituted. Mae has filed two appeals from the order dissolving her marriage; the first filed before the substitution of the executor and the second filed after the substitution. The appeals have been consolidated. The single point presented urges a procedural error in that the trial judge entered the order of dissolution “without hearing or considering appellant’s testimony regarding whether or not the subject marriage is irretrievably broken.”
*814 The record shows that the petition for dissolution of marriage was filed August 1, 1973; after answer and discovery the cause was set on the trial calendar. Because of the wife’s illness and consequent inability to attend, the trial was continued and reset for September, 1974. The cause came on for hearing on September 13, 1974, with counsel for both parties present. The court announced that a further hearing would be necessary. The court realized that there were plans to take the wife’s deposition in New York State because of her illness and announced that a commissioner would be appointed.
The continued hearing was had on October 8, 1974/ with both counsel present, but the wife’s deposition had not been taken. Over the objection of the wife’s counsel that the action was premature and that the wife wished to submit evidence by deposition concerning the court’s jurisdiction, the court announced that it would grant “the partial, the dissolution of marriage, and leave for final determination the equities between the parties in regard to property.” The trial judge suggested the procedure that he followed and, pursuant to his suggestion, the husband made an oral motion at the hearing for the order dissolving the marriage. The appealed order was entered on November 15, 1974.
As above noted, the appellant wife urges that she was deprived of her day in court and that, therefore, due process was not afforded her. The appellee husband urges that the judge properly entered the order because (1) the wife failed to ask for a continuance of the trial and, therefore, waived any objection to the order dissolving the marriage and (2) the court had the discretion to grant the dissolution upon the conclusive evidence of the husband that the marriage was irretrievably broken.
We hold that it was error for the trial judge to enter the order dissolving the marriage at a hearing where the motion for such an order was made upon the trial judge’s own suggestion. In the instant case, it was also error for the trial judge to announce that he would consider the wife’s deposition and then at the continued hearing to regard the matter as determinable without evidence from the wife. We do not imply that it was necessary for the judge to wait indefinitely but there was no showing that the trial judge determined that the wife had not proceeded with diligence in the securing of her deposition in New York. It is noted from the record that the trial judge on October 9, 1974, after announcing that he would enter the order dissolving the marriage, entered an order appointing a commissioner in the state of New York to take the wife’s testimony. Under these circumstances and in the absence of a showing in this record of a need for haste in the matter, we think that the trial judge acted precipitously. The Supreme Court of Florida in Ryan v. Ryan, Fla.1973, 277 So.2d 266, passed upon the constitutionality of the present dissolution of marriage law and discussed the proof necessary for a determination of whether the marriage is irretrievably broken and, as a caveat, held:
“We do not view the matter of dissolution as being such a simple, unilateral matter of one mate simply saying T want out.’ All of the surrounding facts and circumstances are to be inquired into to arrive at the conclusion as to whether or not indeed the marriage has reached the terminal stage based upon facts which must be shown.”

There is an absence of guidelines in the decided cases for the entry of an order dissolving a marriage prior to the settlement of property rights. Therefore, the trial judge cannot be held to have disregarded clear rules established for the entry of such an order. For the purpose of this decision, it is sufficient to point out that the granting of an order dissolving the marriage prior to final judgment is an un *815 usual and often unnecessary step. The parties are, by such an order, placed in the position where, under the decided cases, the order is interlocutory. See Hyman v. Hyman, Fla.App.1975, 310 So.2d 378. Therefore, it is subject to change by the trial judge upon a showing of error prior to the termination of the cause.[2]
In the present instance, if the wife had been given notice that the court would consider the dissolution of marriage at the second hearing, it is possible that her testimony would have been available to the court. At the time the trial judge entered the order, the wife had no notice that the matter would be considered at the continued hearing. At the time the first hearing was continued, the plaintiff husband had not rested. Since the defendant has no duty to present evidence until the plaintiff has rested, we hold that the wife was effectively deprived of notice of hearing and of the opportunity to present evidence by the court’s suggestion and the order entered pursuant to oral motion. See the rule in Mayflower Inv. Co. v. Brill, 1939, 137 Fla. 287, 188 So. 205; Eagle v. Carr, 1943, 153 Fla. 224, 14 So.2d 268; and Lewis v. Hot Shoppes, Fla.App.1968, 211 So. 2d 20.
We regard the questions presented on this appeal to be of such importance that they should be settled by the Supreme Court of Florida. This is true both of the decision in this case and of the question of whether an order dissolving a marriage prior to final judgment shall be regarded as an interlocutory order as held by our sister court in Hyman v. Hyman, supra, or as a partial judgment as noted by the present trial judge. We have determined, therefore, that the decision in this cause will be certified to the Supreme Court of Florida pursuant to Fla.Const. Art. V, § 3(3).
Accordingly, the order dissolving the marriage is reversed.

. Additional difficulties appear as to the title of real property pendente lite.

. It appears that the trial court may have opened the “floodgates” referred to by Chief Judge McNulty in his dissent in In re Marriage of Golub, Fla.App.1975, 310 So.2d 380, where he said:
“I fear such a departure from precedent in permitting interlocutory judgments of dissolution will open the floodgates to untold, unforeseeable vices. I must, accordingly, dissent, and would answer the question in the affirmative.”