PER CURIAM.
Roberta McCahill McKenry, respondent wife, takes this appeal from the property award of a supplemental final judgment of dissolution.
In the petition for dissolution of marriage, the husband, Carl E. B. McKenry, Jr., alleged special equities in the Virginia property owned by the parties by the entireties, and in the answer and counterclaim, the wife also claimed special equities therein. At the conclusion of the initial hearing, the trial court entered a final judgment of dissolution of marriage and by stipulation of the parties reserved jurisdiction “with regard to the division of or award of property.” Upon further hearing, the court entered its supplemental final judgment of dissolution in which the court found that the parties’ Coral Gables home, also owned by the entireties, and the Virginia property had approximately equal equity; that the Virginia property was acquired through the efforts of the husband and that having been raised in Virginia, the husband had a great affinity for that property. The court ordered that title to the Coral Gables home vest solely in the wife, and title to the Virginia property vest solely in the husband. It is from this judgment that the wife appeals.
The thrust of the wife’s appeal is that because of the absence of a finding by the court that the husband had a special equity in the Virginia land or that the wife had a special equity in the Coral Gables property, the court had no power to award *21 the properties as it did. The husband contends, and the record so reflects, that there was an agreement by and between the parties to settle all matters except division of the properties and that this matter was to be determined by the judge without regard to special equities.
A trial judge is authorized to make a division of real property even if held by an estate by the entireties, if such division is sought by one of the parties and tried without objection. Walton v. Walton, Fla.App. 1974, 290 So.2d 110, 112.
The wife also contends that the court erred in failing to establish a resulting trust in the Virginia property in favor of the wife’s mother and, further, that it was error to enter a supplemental judgment of dissolution determining the parties’ real property rights, subsequent to the entry of the judgment dissolving the marriage. There was ample testimony in the record to support the finding of the trial court that the wife’s claim of a resulting trust in favor of her mother was not proved. The point as to reservation of jurisdiction to enter a subsequent judgment in this case is governed by Farr v. Farr, Fla.App.1971, 249 So.2d 761 and Kipnis v. Kipnis, Fla.App.1976, 330 So.2d 67, and will not be further discussed.
Affirmed.