340 So.2d 470 (1976)
Howard N. GALBUT, As Executor of the Estate of Nathaniel Garfinkl, Deceased, Petitioner,
v.
Mae Diamond GARFINKL, Respondent.
No. 49515.
Supreme Court of Florida.
October 7, 1976.
Rehearing Denied January 13, 1977.
*471 Michael B. Solomon of Theodore M. Trushin Law Offices, Miami Beach, for petitioner.
Edward A. Perse of Horton, Perse & Ginsberg and William W. Bailey, Miami, for respondent.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review a decision of the District Court of Appeal, Third District (reported at 330 So.2d 812), certified to us as passing upon a question of great public interest. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Nathaniel Garfinkl filed a petition for dissolution of marriage on August 1, 1973, alleging that his brief marriage to Mae Diamond Garfinkl was irretrievably broken. Respondent, wife, answered denying that the marriage was irretrievably broken stating that with help and proper guidance, the marriage could be saved, and requesting that the dissolution proceedings be continued for a period of three months in order that the parties may attempt reconciliation. She counter-petitioned for temporary alimony to sustain herself during the pendency of the proceedings which request was subsequently denied after hearing by order of the trial judge entered April 22, 1974.
By order entered November 27, 1973, the trial court set the cause for trial for the week of January 7, 1974. However, because Nathaniel Garfinkl was taken seriously ill and upon his motion for continuance to that effect, the cause was reset for trial for the week of April 22, 1974. Subsequently, respondent-wife moved for a continuance of the trial since she had become hospitalized and would not be able to appear for trial of the cause. The trial was then reset for the week of September 5, 1974.
The cause came on for hearing on September 13, 1974, with respondent being absent because of her illness although represented at the hearing by her counsel. Since the proceedings could not be completed on that date, the court continued the hearing. Acknowledging the need for the appointment of a commissioner to take the wife's deposition in New York because of her illness, the trial judge announced at the September *472 13th hearing that a commissioner would be appointed.
The continued hearing was had on Tuesday, October 8, 1974, at which time the wife's deposition had not been taken. At the commencement of the hearing counsel for respondent advised the court that they were going to New York Friday to take Mrs. Garfinkl's testimony and that of her physician. Upon motion of respondent-wife for appointment of a commissioner to take the aforedescribed depositions to be used at the trial, the trial judge entered order filed for record October 9, 1974, appointing a commissioner to take the wife's deposition on October 11.
At the opening of the continued hearing, the trial judge expressed his intent to enter a partial judgment of dissolution in the cause, as follows:
"THE COURT: You know, at the last hearing I was almost inclined to grant a partial judgment in this case and grant him a divorce, and leave for determination the matter of monies and so forth that may be subject to distribution between the parties. Now nobody made an ore tenus motion to that effect. I think we proved up, there is no contest as to the divorce itself."
Counsel for petitioner-husband responded:
"MR. GALBUT: I plan to make that, but his cross examination wasn't even finished. I mean, we haven't  "
Counsel for respondent then objected to the precipitous granting of a partial judgment at this time in that it would be premature to grant the dissolution before the wife's testimony was in.
Upon conclusion of the cross-examination of Nathaniel Garfinkl, his counsel moved the court for a partial judgment in the matter insofar as the granting of a divorce and the trial judge orally expressed his intention to grant the partial judgment for dissolution. By order entered November 15, 1974, the trial court granted a "Partial Final Judgment of Dissolution of Marriage" adjudging that the marriage of Nathaniel and Mae Diamond Garfinkl, being irretrievably broken, is dissolved and reserving for final determination the question of respondent-wife's petition for affirmative relief.
Subsequently, Nathaniel Garfinkl died on December 13, 1974. His executor was substituted as a party to the suit.
Upon appeal of the partial judgment of dissolution, the District Court of Appeal was confronted with the question of whether the trial court erred in entering the order of dissolution without hearing or considering respondent-wife's testimony regarding whether or not the subject marriage is irretrievably broken.
The District Court of Appeal reversed the Order of Dissolution and held that it was error for the trial judge to enter the order dissolving the marriage at a hearing where the motion for such an order was made upon the trial judge's own suggestion; that it was error for the trial judge to announce that he would consider the wife's deposition and then at the continued hearing to resolve the matter of dissolution without consideration of the same; and that the wife was effectively deprived of notice of hearing since the District Court determined the wife was not given notice that the court would consider dissolution at the second hearing.
We do not agree with the District Court that respondent-wife did not have sufficient notice that the trial judge would consider the merits of the dissolution action, nor do we agree that the trial judge acted improperly in suggesting that a motion for partial judgment be made. In fact, as evidenced by the record, the husband's counsel informed the court that he had fully intended to make such a motion but felt that it would be more appropriate to complete the cross-examination of Mr. Garfinkl before doing so. He then, after said cross-examination, did make such a motion which the trial judge granted. We remain mindful of the well established proposition that in the absence of a controlling statute or overriding rule of procedure, trial courts have a broad discretion in the trial of a cause. Rose v. Yuille, 88 So.2d 318 (Fla. 1956); Bowen v. Manuel, 144 So.2d 341 (Fla.2d *473 DCA, 1962); F & B Ceco, Inc. of Florida v. Galaxy Studios, Inc., 216 So.2d 75 (Fla.3d DCA, 1968).
However, we do agree that the trial judge erred in announcing that he would consider the wife's deposition and then proceed to determine the matter without receipt or consideration thereof. In Ryan v. Ryan, 277 So.2d 266 (Fla. 1973), this Court explained:
"It is suggested that a circuit judge would hesitate to adjudicate that a marriage is not `irretrievably broken' under the present statute when the petitioner simply says that is the fact; that the judge becomes nothing more than a ministerial officer receiving the `irretrievably broken' message and having so received it, being thus compelled to drop this legislative guillotine upon the marriage, thus excising the troublesome mate from the petitioner because the petitioner has subjectively and unilaterally determined that his marriage is irretrievably broken.
"We do not view the matter of dissolution as being such a simple, unilateral matter of one mate simply saying `I want out.' All of the surrounding facts and circumstances are to be inquired into to arrive at the conclusion as to whether or not indeed the marriage has reached the terminal stage based upon facts which must be shown. Even in uncontested dissolutions, the court would properly make inquiry to determine this fact, for the statute itself in § 61.052 provides in subsection (2) the basic predicate: `Based on the evidence at the hearing.... [and even] (a) ... if the respondent does not . .. deny that the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage, if the court finds that the marriage is irretrievably broken.' (emphasis added)
* * * * * *
"And so it is that in every instance the court should make that determination by proper inquiry. It is never a simple matter of `Is your marriage "irretrievably broken"?' `Yes, your honor, I believe it is.' And that ends it, like the oriental ritual of the husband severing his marriage by tossing three stones in the sand one by one and in sequence saying, `I divorce thee; I divorce thee; I divorce thee.' There must be appropriate evidence (albeit uncorroborated as the statute allows) that in truth and in fact the marriage is irretrievably broken."
The District Court in certifying its decision to this Court stated that it passed upon a question of great public interest in that it holds that an order dissolving a marriage prior to final judgment shall be regarded as an interlocutory order and not as a partial judgment.
The trial judge in a marriage dissolution proceeding has the power to reserve jurisdiction for the purpose of settling property rights after entering the decree of dissolution. Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA, 1975), certiorari discharged 329 So.2d 299 (Fla. 1976); Kipnis v. Kipnis, 330 So.2d 67 (Fla.3d DCA, 1976); Becker v. King, 307 So.2d 855 (Fla.4th DCA, 1975), certiorari dismissed 317 So.2d 76 (Fla. 1975); In re the Marriage of Golub, 310 So.2d 380 (Fla.2d DCA, 1975); Klarish v. Klarish, 296 So.2d 497 (Fla.3d DCA, 1974).
Section 61.052, Florida Statutes, provides in pertinent part:
"If, at any time, the court finds that the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage... ."
We find that the partial judgment of dissolution is final insofar as the marital status of the parties is concerned although it must be reversed on grounds hereinabove stated. Cf. Becker v. King, supra. In Klarish v. Klarish, supra, wherein appellant contended that the trial court had erred in entering a final judgment of dissolution prior to the time disposition had been made of the entire case, the District Court of Appeal explained:
"First, in the area of domestic relations, it is common practice for a chancellor to enter a judgment dissolving the marriage and to reserve jurisdiction to *474 determine the severable issues of alimony, child custody and support pending further investigation into these matters. See, e.g., Lippincott v. Lippincott, Fla. App. 1973, 287 So.2d 144.
"Second, Fla. Stat. § 61.052(2), F.S.A. clearly states that `if, at anytime, the court finds that the marriage is irretrievably broken the court shall enter a judgment of dissolution of the marriage.' [Emphasis supplied]"
Accordingly, we would affirm in part the decision of the District Court reversing the order dissolving the marriage insofar as it found error on the part of the trial judge in announcing that he would consider the respondent's deposition and then at the continued hearing resolve the matter without evidence from the wife. The remainder of the decision is quashed for the reason hereinabove stated and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.