341 So.2d 541 (1977)
Guenevere JENNINGS, Appellant,
v.
John A. JENNINGS, Appellee.
No. 76-151.
District Court of Appeal of Florida, Second District.
January 19, 1977.
Guion T. DeLoach, Naples, for appellant.
Richard D. Sparkman, Naples, for appellee.
HOBSON, Acting Chief Judge.
On January 17, 1974, the lower court entered a final judgment dissolving the marriage of the parties. The court held, inter alia, that John, appellee herein, and Guenevere, appellant, each owned one-half of the stock in the business known as Jennings, Inc. Furthermore, the judgment specifically reserved jurisdiction to continue the receivership and/or transfer to another cause of action the receivership of Jennings, Inc. previously instituted. Guenevere's appeal from that final judgment was voluntarily dismissed before being heard by this court. On May 8, 1974 and again on August 1 of that same year the court below adopted by order stipulations of the parties whereby they modified the disposition of property as stated in the final judgment. Subsequently, on June 9, 1975, the trial court, in ruling on reciprocal motions for contempt, became aware that the parties had negotiated a settlement agreement for resolution of their differences in Jennings, Inc. This agreement, designated "Contract to Purchase," provided for a "buy-out" arrangement of the appellee's interest by the appellant. The contract was attached to and made a part of the court's order with a clause reserving the power to enforce the order as necessary.
Following entry of this order, adopting the contract which modified the disposition of Jennings, Inc. as set out in the original dissolution judgment, a series of offensive and defensive maneuvers began which can best be described as testy. These charges and counter-charges resulted primarily from the parties failing to agree as to certain requirements of the June 9, 1975 order and the assertion by each party that the other was willfully failing to comply with the contract. Apparently exasperated, the trial judge on January 26, 1976 appointed a special master and ordered him immediately to take possession and sell Jennings, Inc.
*542 The appellant took this interlocutory appeal from that order.[1]
The primary issue on this appeal is whether or not the trial judge, in the final judgment of dissolution entered on January 7, 1974, retained the requisite authority to make subsequent substantive changes in the property disposition of the business Jennings, Inc. including ordering an immediate sale of the business to resolve a contractual dispute. For the reasons stated herein, we hold that he did not and reverse.
The law in this state is that a final judgment of dissolution settles all property rights of the parties and thereafter bars any action to determine the question of property rights. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Dockery v. Dockery, 43 So.2d 460 (Fla. 1949); Shannon v. Shannon, 101 So.2d 428 (Fla. 1st DCA 1958). This principle has been tempered in recent years by allowing a specific reservation of jurisdiction to later determine property rights after dissolution of the marriage. Farr v. Farr, 249 So.2d 761 (Fla. 3d DCA 1971); Kipnis v. Kipnis, 330 So.2d 67 (Fla. 3d DCA 1976). As this court held in Hyman v. Hyman, 310 So.2d 378 (Fla. 2d DCA 1975), cert. discharged 329 So.2d 299 (Fla. 1976).
"... We rule that a Trial Court may enter an interlocutory order granting a dissolution of marriage and therein reserve jurisdiction to later determine property rights. The Judgment of Dissolution remains interlocutory until such time as a Final Judgment of Dissolution is later entered determining all property rights and confirming the interlocutory judgment previously entered." 310 So.2d at 379.
Cf. McKenry v. McKenry, 336 So.2d 20 (Fla. 3d DCA 1976).
The pertinent provisions in the final judgment of dissolution of January 7, 1974 provide,
3. The Court reserves jurisdiction to partition the marital home pursuant to Chapter 64, Florida Statutes, (1971).
5. The Court retains jurisdiction to continue the receivership of Jennings, Inc. previously instituted in this cause.
6. The Court retains jurisdiction to transfer the receivership to any cause of action instituted by either of the parties involving Jennings, Inc., subject to the findings herein made.
Nowhere in the final judgment does the trial court specifically reserve jurisdiction to resolve property disputes arising out of supplementary agreements entered into by the parties as to Jennings, Inc. Had such jurisdiction been broadly reserved, we would have no difficulty in finding the trial court correct in seeking to enforce subsequent stipulations and contractual agreements as to the settlement of interests in the business. This view, that the trial court lacked jurisdiction to enforce the contract of June 9, 1975 by sale of the business or otherwise, does not leave the parties without a remedy as to that agreement. We note that the contract of June 9, 1975 is susceptible to a separate suit for a breach thereof and the parties may proceed accordingly.
*543 A subsidiary question arises as to the effect, if any, of the reservation of jurisdiction over the receivership of Jennings, Inc. and the retention of jurisdiction to transfer that receivership to another cause of action. Although it might be argued that reservation of jurisdiction over the receivership continued and validated the trial court's adoption of the subsequent stipulations and contract of June 9, 1975, the record reveals, albeit incompletely, that the trial court terminated the receivership on the date of its adoption of the first stipulation of the parties following the final judgment, i.e., May 8, 1974.[2] Even if the receivership had been continued, it is doubtful that the narrow reservation of jurisdiction to continue the receiver could have conferred jurisdiction on the trial court to later sell the entire business and dispose of its assets in a different manner than that set out in the final judgment of dissolution. Since we hold that the receivership terminated prior to entering the contract of June 9, 1975, we need not reach this issue.
Accordingly, we reverse the order appealed from insofar as it requires the immediate sale and distribution of the proceeds of the business known as Jennings, Inc. The parties may also pursue any remedies they have under a separate cause of action.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] The order arose out of a motion by the husband for an agreement not to compete and for an accounting and damages arising out of the operation of Jennings, Inc. The wife filed corresponding motions to close the contractual buy-out arrangement arising out of the June 9, 1975 contract. The trial court denied all these motions, appointed a special master to take physical possession of the business premises with all records, accounts, and assets, and directed the master to sell the same. The order also recited,

(7) That the Judgment in favor of John A. Jennings, Inc. in the amount of $19,166.00 plus 8% interest from January 7, 1974, shall be satisfied from the sale of Jennings, Inc. prior to any division of proceeds to the stockholders or any payment of monies to any stockholder.
This latter provision was the remaining payment on a pre-existing debt owed by Jennings, Inc. to the appellee, John Jennings. The final judgment of dissolution entered on January 7, 1974 recognized the debt as amounting to some $44,666 and directed the receiver to pay the appellee $25,000 of that sum.
[2] Correspondence in the record dated June 17, 1974 between the receiver and the trial judge indicates that the receiver was relieved of his duties as a receiver on May 8, 1974 which corresponds to the trial court's order of that date adopting the stipulation of the parties modifying the January 1974 final judgment. Attached to this letter is a financial statement revealing the balance sheets and income statements from November 11, 1973, the day prior to the receiver's appointment, to May 8, 1974, the day the receiver was relieved of his duties. This stipulation shows that the appellant took over and managed the business of Jennings, Inc.

We do not dispute the appointment of a receiver in this cause. Courts of equity have long recognized the usefulness of this device and its use is codified under our rules of procedure. Fla.R.Civ.P. 1.620. The general rule with respect to the continuance of a receivership is that it continues as a proceeding ancillary to some other main relief asked for, and until dissolution by discharge of the receiver or otherwise. 27 Fla.Jur. Receivers, § 37. See also 75 C.J.S. Receivers § 92 (1952); 66 Am.Jur.2d Receivers, §§ 192-193. Here, the record does not specifically reveal any final discharge of the receiver. However, the actions of the parties subsequent to the termination of the receiver on May 8, 1974 indicate that the receivership was formally discharged some time prior to formation of the contract of June 9, 1975. This conclusion is required since it is undisputed in the record that both parties had access to certain accounts and assets of the business prior to entry into the June 1975 contract. In fact, the latter contract was an attempt to reconcile differences in the respective interests held by each party in the business. In addition, the contract itself recites that the parties were to transfer to each other certain items which were formerly in the custody of the receiver.