HENDRY, Judge.
Appellant/respondent/husband challenges the correctness of a final judgment which dissolved his marriage to appel-lee/petitioner/wife and determined the ownership of certain real and personal property held by the parties in their joint names.
After carefully reviewing the record and briefs, in light of the controlling principles of law, it is our opinion that (1) the chancellor was authorized to determine the equities of the spouses in the property by virtue of both the prayers found in the petition and counter-petition for dissolution of marriage and the fact that no objection to such proceeding was voiced at trial; and (2) that there was competent evidence to support the chancellor’s ruling that, by virtue of the fact that the wife had purchased the property solely from her own funds prior to 1968, she was entitled to be vested with ownership of said property on either a special equity or resulting trust theory. Hendricks v. Hendricks, 312 So.2d 792 (Fla.3d DCA 1975); Walton v. Walton, 290 So.2d 110 (Fla.3d DCA 1974); Ball v. Bali, 303 So.2d 32 (Fla.2d DCA 1974). See also McKenry v. McKenry, 336 So.2d 20 (Fla.3d DCA 1976); Robinson v. Robinson, 340 So.2d 935 (Fla.4th DCA 1976); Ezell v. Ezell, 320 So.2d 427 (Fla.3d DCA 1975); Olsen v. Olsen, 195 So.2d 864 (Fla.3d DCA 1967).
Accordingly, the final judgment appealed from is hereby affirmed.
Affirmed.