BARKDULL, Judge.
The parties to this cause entered into several written leases pertaining to certain warehouse properties; the appellant as the tenant, and the appellee as the landlord. The lease contained provisions regarding payment of rent and additional paragraphs that read in part as follows:

“11. Tenant agrees to pay all cost and expenses of collection and reasonable Attorney’s fees on any part of said rental that may be collected by an Attorney, suit, distress, or foreclosure, (emphasis added)

“15. It is understood and agreed between the parties herein that any charges against Tenant by Landlord for services, utilities or for work done on the premises by order of Tenant or otherwise accruing under this lease, shall be considered as rent due and shall be included in any lien for rent.

“31. Tenant further agrees that Tenant will pay all liens of contractors, subcontractors, mechanics, laborers, material-men, and other items of like character, and will indemnify Landlord against all legal costs and charges, bond premiums for release of liens, including counsel fees reasonably incurred in and about the defense of any suit in discharging the said premises or any part thereof from any liens, judgments, or encumbrances caused or suffered by tenant. It is understood and agreed between the parties hereto that the costs and charges above referred to shall be considered as rent due and shall be included in any lien for rent.
The Tenant herein shall not have any authority to create any liens for labor or material on the Landlord’s interest in the above described property, and all persons contracting with the Tenant for the destruction or removal of any building or the erection, installation, alteration, or repair of any building or other improvements on the above described premises, and all materialmen, contractors, mechanics, and laborers, are hereby charged with notice that they must look to the Tenant and to the Tenant’s interests only in the above described property to secure the payment of any bill for work done or material furnished during the rental period created by this lease.”

At the conclusion of the term of the lease or extensions thereof, the tenant vacated the premises, returned the premises to the landlord, reasonable wear and tear excepted, and the landlord was caused to expend large sums of money to repair the premises and make them available for subsequent re-leasing. Thereafter, the landlord instituted a suit for the collection of rent, insurance, taxes, damages for repairs, and attorney’s fees. By stipulation[1] of the parties, *1346 the cause was submitted to a jury as to the amount of rent due and damages sustained by the landlord, with a reservation that the court would determine the amount of attorney’s fees subsequent to the jury trial.
Thereafter, the jury rendered an award to the landlord in the amount of $91,492.00. The trial court entered a final judgment which read, in part, as follows:

“That the Plaintiff, Jerome A. Taudte shall have and recover from the Defendant, Gator Shoe Corp., the sum of $91,-492.00, together with costs and attorneys fees hereafter to be considered, for all of which let execution issue.”

Five days after the rendition of the final judgment, the landlord moved for the assessment of costs and attorney’s fees. Some thirty-two days later, the trial court entered an award of $26,525.00 for attorney’s fees and $3,700.35 for costs. This appeal ensued.
The appellant-tenant urges three points for reversal: 1. That there was no valid reservation of jurisdiction for the trial court to entertain the motion for attorney’s fees. 2. That even if he had jurisdiction, the amount he awarded was based on damages which were awarded for repair and not on the collection of rental, and that Paragraph 11 of the lease specifically limited attorney’s fees to collection on “said rental” which could only relate back to the rental prescribed at the beginning of each lease. 3. That the trial court erred in awarding, as an item of cost, the cost of copies of depositions.
As to the point regarding jurisdiction, we find that the trial court validly reserved same in the final judgment under the following authorities: Farr v. Farr, 249 So.2d 761 (Fla.3d DCA 1971); Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA 1975); Kipnis v. Kipnis, 330 So.2d 67 (Fla.3d DCA 1976). We do not find the reasoning in Frumkes v. Frumkes, 328 So.2d 34 (Fla.3d DCA 1976) and McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963) to be persuasive. These cases related to a reservation only to enforce a final judgment, whereas in the instant case the trial court reserved jurisdiction to consider attorney’s fees and we think this situation is analogous to that involved in the First District Court of Appeal case relating to an award of interest. See: Chipola Nurseries, Inc. v. Division of Administration, Department of Transportation, 335 So.2d 617 (Fla.lst DCA 1976).
As to the second point, the amount of attorney’s fees, we reverse and remand the cause to the trial court. Paragraph 11 of the lease, which provided for attorney’s fees, clearly outlined that such fees were recoverable only on “said rental” which is prescribed at the beginning of each lease. To further indicate that attorney’s fees were to be recoverable only under certain circumstances is Paragraph 31 of the leases, which related to indemnification for liens caused to be entered against the property by the tenant. The lease did provide, in Paragraph 15, that certain charges were to be considered as rental for some purposes, but this did not have the effect of expanding the attorney’s fees provision contained in Paragraph 11, which limited it by the words “said rental” to the earlier paragraph carrying with it the responsibility to pay rent.
As to the award of costs for copies of depositions, the law is clear in this State, and we must follow it until changed, that the cost for copies of depositions is not a valid item to be included in a cost order. Florida Greyhound Lines, Inc. v. Jones, 60 So.2d 396 (Fla.1952); Cohen v. Dennis, 209 So.2d 467 (Fla.3d DCA 1978).
Therefore, the final judgment here under review is reversed as to the amount of attorney’s fees awarded and reversea as to the award of costs for copies of depositions. The matter is returned to the trial court for the purpose of awarding a reasonable fee for collecting those items of rental which *1347 would have accrued to the landlord pursuant to rental schedules of the leases and which he had to collect by these legal proceedings.
Reversed and remanded, with directions.

.
“It is hereby agreed and stipulated, by undersigned counsel for the parties to the above captioned cause, that the amount of attorneys fees, if any, to be awarded to the Plaintiff shall be determined at a hearing to be held after the conclusion of the trial and the rendition of a verdict by the jury.”