396 So.2d 760 (1981)
DENES AND DENES & ASSOCIATES, INC., Appellant,
v.
WALTER E. HELLER & CO. OF FLORIDA, INC. et al., Appellee.
Nos. 80-1114, 80-1115.
District Court of Appeal of Florida, Third District.
March 24, 1981.
Rehearing Denied April 28, 1981.
Ainslee R. Ferdie, Coral Gables, for appellant.
Britton, Cohen, Kaufman, Benson & Schantz, Fort Lauderdale, Heller & Kaplan, Miami, and Frank Sinagra, Fort Lauderdale, for appellee.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
PER CURIAM.
Appellant has failed to demonstrate any error in the court's entering judgment for appellees Heller, Flick and Garcia declining to impose an equitable lien and to award equitable relief. § 95.11(5), Fla. Stat. (1975); Kimbrell v. Fink, 78 So.2d 96 (Fla. 1955); Roehner v. Atlantic Coast Development Corp., 356 So.2d 1296 (Fla. 4th DCA 1978).
*761 Taxing of costs for a copy of deposition is error. Florida Greyhound Lines, Inc. v. Jones, 60 So.2d 396 (Fla. 1952); Gator Shoe Corp. v. Taudte, 384 So.2d 1344 (Fla.3d DCA 1980); Cohen v. Dennis, 209 So.2d 465 (Fla.3d DCA 1968).
The award of attorney's fees pursuant to Section 57.105, Florida Statutes (1978) is not merited under the facts of this case. Such an award is also inconsistent with a prior ruling by the court on appellees' motion for summary judgment wherein it was expressly held that there were material issues of fact or law. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). See also, T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (Fla.3d DCA 1980).
Affirmed in part, reversed in part.