DOWNEY, Judge.
Florence Gerstein, the wife in this dissolution of marriage action, appeals the final judgment. The sole error relied upon is the refusal of the trial court to grant a continuance of the trial scheduled for June 20, 1985.
Florence and Israel Gerstein had been married for about forty-five years. They had been separated for about two years when Israel moved back to Philadelphia. The two children of the marriage were both adults.
On the day of trial, June 20, 1985, Florence’s lawyer filed a motion for a continuance on the grounds that Florence was confined to a hospital suffering from heart trouble and counsel had been unable in the short time he represented her to properly prepare her case. Apparently, she had been hospitalized for about two weeks at that time. However, a doctor’s certificate in counsel’s possession indicated it could be dangerous for Florence to appear at trial. In any event, the trial judge accepted the representations of counsel and announced that he was not going to grant a continuance at that time, stating, “Well, I am not going to continue it at this time, but we’ll go ahead as far as we can put on this— these witnesses.” Shortly thereafter, during interrogation of one of the witnesses, counsel for Florence asked the judge to clarify the procedure they were going to follow, specifically asking if the court was going to give counsel an opportunity to bring Florence in. The court responded that he believed he would. However, within two weeks, the court entered the final judgment under review. We believe the court erred in doing so under the circumstances of this case.
These parties had been married forty-five years. Florence was nearly seventy-one years old, living on social security of $139 per month, while Israel has a gross income of over $1900 per month. On the date of trial, Florence was confined to a hospital and her doctor certified it might be dangerous for her to try to come to court. No doubt Florence’s lawyer should be faulted for not moving for a continuance earlier; however, the prejudice to Israel was minimal, if any, considering he had not paid Florence any alimony or support since the prior December. The only evidence in the *308 record to support Florence’s claim for alimony, support, etc., are some bare-bones interrogatory answers styled “Standard Interrogatories.”
We believe the trial judge intended to continue the case over to another time after hearing the witnesses who were then present. However, through inadvertence or a change of heart, he proceeded to enter the final judgment without hearing from Florence, and we think that was error after having advised counsel he would hear from Florence. Galbut v. Garfinkl, 340 So.2d 470 (Fla.1976).
Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings without commenting upon the ultimate validity of the awards made in the judgment of July 2, 1985.
ANSTEAD and GLICKSTEIN, JJ., concur.