SCHEB, Acting Chief Judge.
The trial court denied the former husband’s motion for enforcement of provisions of a judgment of dissolution of marriage on the ground that it was without jurisdiction. The husband appeals, and we reverse.
On March 21, 1985, the trial court entered a final judgment dissolving the parties’ marriage and ordering distribution of their assets. The court specifically retained jurisdiction to enforce the executory *1165 provisions of the judgment. On May 16, 1986, the former wife invoked that reservation by filing a motion for enforcement of the final judgment. Among other things, she contended the husband failed to transfer certain securities to her. When her motion came on for hearing the parties resolved the matters in controversy, and the trial judge entered an order on June 16, 1986, which embodied their stipulated settlement. This stipulated settlement provided in pertinent part:
1. The Husband shall transfer 980 shares of R.J. Reynolds stock to the Wife.... The Wife will be entitled to any cash or stock dividends which accrue on this stock from the date of this hearing, pending transfer.
[[Image here]]
After complying with the order, the husband discovered that he had miscalculated the number of shares of stock to be transferred to the wife in order to comply with their mutual agreement. On November 7, 1986, he filed a motion to enforce the final judgment alleging that he had “in error, transferred to wife 980 shares (of R.J. Reynolds stock) rather than the 588 shares representing an overage of 392 shares which should be returned to husband.” He requested the court to order the wife to transfer such overage of shares and accumulations thereon to him.
The wife filed a motion to dismiss contending the court lacked jurisdiction to grant the relief requested. She argued that because jurisdiction had not been specifically retained in the order entered June 16, 1986, the court was now without jurisdiction. The trial court indicated that the parties’ agreement to transfer a specific number of shares was a “supplementary agreement,” and Jennings v. Jennings, 341 So.2d 541 (Fla. 2d DCA 1977), was controlling. The court entered an order denying the husband’s motion “for lack of retained jurisdiction.” After denial of the husband’s motion for rehearing, this appeal ensued.
Since the trial court retained jurisdiction to enforce provisions of the final judgment entered March 21, 1985, it properly exercised jurisdiction on the wife’s motion for enforcement of executory provisions of that judgment. The additional order entered on June 16,1986, was based on a stipulation of the parties and merely spelled out what had to be done to comply with the provisions of the final judgment. This order did not annul the court’s retention of jurisdiction to enforce the provisions of the final judgment.
The issue here is in contrast to that addressed in Jennings, 341 So.2d 541. There the question was whether the trial judge had retained jurisdiction in the final judgment to “make subsequent substantive changes in the property disposition of the [parties'] business Jennings, Inc. including ordering an immediate sale of the business to resolve a contractual dispute.” Jennings, 341 So.2d at 542. The dispute in Jennings arose out of a supplementary agreement entered into by the parties. Here the parties simply stipulated as to measures necessary for enforcement of the executory provisions of the final judgment. This stipulation did not result in a “supplementary agreement” as found in Jennings.
Accordingly, we vacate the trial court’s order and remand with directions that the court take jurisdiction of the husband’s motion for enforcement of the final judgment.
CAMPBELL and SCHOONOVER, JJ., concur.