PER CURIAM.
Appellant, ex-wife, by interlocutory appeal seeks review of the court’s order awarding custody of the six minor children to appellee, ex-husband.
On November 22, 1972, Judge Huttoe entered a final judgment dissolving the marriage of the parties and awarding custody of the six minor children to appellee, ex-husband, “pending receipt by the court of the report from Family Services, State Welfare Department, the final award of custody to abide the recommendation therein set forth.” Nine months later the report of the Family Services investigator was presented to Judge Huttoe’s successor, Judge Grossman, along with the testimony of the parties. The report recommended that the two older children remain in the custody of the appellee and the remaining four children be remanded to the custody of the appellant. After a full hearing and interview with the six children, Judge Grossman awarded custody of all the children to appellee. This interlocutory appeal ensued.
Appellant contends that a successor judge may not change the terms of a final judgment entered by her predecessor judge and therefore it was error to have awarded custody of the six children to the appellee.
In a dissolution of marriage proceeding, it is the court which makes the final determination of custody of the minor children. Fla.Stat. § 61.13(2), F.S.A. Further, in making this determination the chancellor has a very large discretion. Gunter v. Gunter, Fla.App.1969, 219 So.2d 743.
Turning to the case sub judice, we find that Judge Grossman was not bound to follow her predecessor’s decision to make a final award of custody as recommended in the Family Services report, which is not binding upon the court although it may be taken into consideration. Judge Grossman heard the testimony of the parties, considered the report, interviewed the six children and then based upon all of the above made her final award of custody. There being no abuse of discretion demonstrated, we hereby affirm the order awarding custody of the six children to appellee.
Affirmed.