296 So.2d 497 (1974)
Roslyn KLARISH, Appellant,
v.
Arthur C. KLARISH, Appellee.
No. 73-1258.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Shorenstein & Lewis, Miami Beach, for appellant.
Greene, Layne & Immer, P.A., Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Respondent-appellant seeks review of a final judgment of dissolution of marriage.
The parties to this action were married on March 30, 1958 in New York, New York. One child was born of their marriage. Petitioner, ex-husband, on April 18, 1973 filed in the circuit court of Dade County the instant petition for dissolution of marriage. In response thereto, appellant, ex-wife, filed an answer and counterclaim wherein she (1) alleged that petitioner-appellee was a resident of New York and, therefore, the court lacked jurisdiction, *498 and (2) requested modification of a September 1967 New York separation decree providing for alimony and child support. The cause came on for trial at which testimony was heard concerning the issues of jurisdiction and whether the marriage was irretrievably broken. There being insufficient time at this initial hearing to consider the severable issues of alimony and child support, the trial judge informed counsel for the respective parties that he would rule on the final dissolution of marriage at that time and reserve jurisdiction to hear testimony on these two severable matters. Neither party objected thereto. The trial court then entered its judgment finding jurisdiction over the subject matter and the parties and thereupon dissolved the marriage between the parties, awarded custody of the minor child to the appellant and reserved jurisdiction for the purpose of considering the award of child support and/or alimony for respondent. The court then entered a separate order requiring petitioner to provide respondent with alimony and support in accordance with the provisions of New York separation decree. Respondent, ex-wife, appeals therefrom.
Appellant first contends that the trial court erred in entering a final judgment of dissolution of marriage prior to the time when disposition had been made of the entire case. We cannot agree.
First, in the area of domestic relations, it is common practice for a chancellor to enter a judgment dissolving the marriage and to reserve jurisdiction to determine the severable issues of alimony, child custody and support pending further investigation into these matters. See, e.g., Lippincott v. Lippincott, Fla.App. 1973, 287 So.2d 144.
Second, Fla. Stat. § 61.052(2), F.S.A. clearly states that "if, at anytime, the court finds that the marriage is irretrievably broken the court shall enter a judgment of dissolution of the marriage." [Emphasis supplied]
Thus, we find this argument of appellant is without merit.
Respondent-appellant also argues that the trial court erred in finding petitioner-appellee was a bonafide resident of the State of Florida.
After an examination of the record on appeal, we conclude there is substantial competent evidence contained therein to support the determination of the chancellor that appellee, ex-husband, is a resident of Florida and, therefore, we will not disturb this finding. See Pecker v. Pecker, Fla. App. 1970, 240 So.2d 528.
No reversible error having been made to appear, the judgment herein appealed is affirmed.
Affirmed.