DOWNEY, Judge.
The appellant husband seeks reversal of the final judgment of dissolution contending the trial court erred in the equitable distribution fashioned by the court and in the allowance of permanent periodic alimony.
The husband and wife, age forty-five and forty respectively, were married for approximately twenty years and had one child, age sixteen. The wife was primarily a housewife, but at the time of the dissolution she was a legal secretary trainee, earning approximately $13,500. The husband was employed by IBM at a salary of $42,-000 per year.
The trial court awarded the wife the marital home, valued at approximately $145,-000, a BMW automobile worth approximately $13,000, custody of the child, $500 per month child support, and $500 per month permanent periodic alimony. He awarded the husband a parcel of California real estate, his automobile, jewelry, his pension plan, and some stocks and bonds, all totaling in value approximately $56,000.
We do not believe the distribution of the marital assets of the parties is equitable, particularly in view of the award of permanent periodic alimony and child support. The wife was awarded seventy-five percent of the assets and, after payment by the husband of $12,000 in alimony and child support, there is not a sufficient disparity in the parties’ incomes to justify the tremendous disparity in the distribution of assets.
Although the husband complains of the allowance of permanent, instead of rehabilitative, alimony, we believe permanent alimony was justified here. The problem is with the distribution of assets, which on this record does not appear equitable. While such distribution does not have to be equal, it must be fair. Accordingly, we hold that a seventy-five/twenty-five percent division, with the respective income picture present here, is too lopsided to pass muster.
Accordingly, we reverse the judgment appealed from and remand the cause for *422 further consideration by the trial court in distributing the assets of the parties. In doing so, we suggest the proof in the record of the value of the husband’s pension is inadequate and should be revisited.
Each of the parties has prayed for attorney’s fees on appeal. As the trial judge did in the final judgment, we direct each to pay his or her own attorney’s fees and costs.
DELL, J., concurs.
WARNER, J., concurs specially with opinion.