551 So.2d 1235 (1989)
Linda Carol KLEIN, Appellant,
v.
Eugene Allan KLEIN, Appellee.
No. 88-1630.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Rehearing Denied November 30, 1989.
Ann Mason Parker, Coral Gables, for appellant.
Eugene Allan Klein, in pro. per.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
The wife Linda Carol Klein seeks to appeal a trial court order (1) dissolving the marriage between the parties, (2) reserving jurisdiction as to the issues of child custody, child support, alimony, and division of property, and (3) enjoining the parties from disturbing any of their assets. We dismiss the appeal for lack of jurisdiction to entertain it. The order appealed from is clearly not a final appealable order because the judicial labor in the case has not come to an end, see SLT Warehouse v. Webb, 304 So.2d 97, 99 (Fla. 1974); Miami-Dade Water & Sewer Auth. v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 349 (Fla. 1986); moreover, the subject order is not one of the interlocutory orders appealable under Fla.R.App.P. 9.130(a).
Beyond that, we decline to entertain the appeal as a petition for a writ of certiorari seeking review of the aforesaid trial court order, as was done in Weasel v. *1236 Weasel, 419 So.2d 698 (Fla. 4th DCA 1982). Our basis for declining such jurisdiction is that the wife did not properly object below to the trial court's decision to bifurcate the marriage dissolution issue from the other issues in the case, and, therefore, has waived the point for certiorari review. The record reflects that the trial court granted the wife's motion for a continuance below subject to the condition that the husband's motion for bifurcation be granted; the wife voiced no objection at the time to this condition for her continuance. It was only at a subsequent hearing ten days later that the wife attempted to object to the bifurcation; this objection, however, was quite properly ruled out of order. The wife's motion for a continuance had already been granted subject to the bifurcation condition, and the trial court had just concluded testimony on whether the marriage should be dissolved. Having already gotten her continuance subject to the bifurcation condition and the first half of the ordered bifurcation having been completed, it was entirely too late in the day to object to this already completed procedure. See Bould v. Touchette, 349 So.2d 1181, 1186 (Fla. 1977); Volusia County v. Niles, 445 So.2d 1043, 1048 (Fla. 5th DCA 1984); Salvador v. Munoz, 193 So.2d 442 (Fla. 3d DCA 1966).
Appeal dismissed; certiorari not entertained.