562 So.2d 833 (1990)
David RIVERA, a/K/a Richard Hightower, Appellant,
v.
Lucinda Elaine RIVERA, Appellee.
No. 89-2498.
District Court of Appeal of Florida, First District.
June 7, 1990.
*834 David Rivera, a/k/a Richard Hightower, pro se.
No appearance for appellee.
ZEHMER, Judge.
David Rivera appeals from a final judgment that dissolved his marriage to Lucinda Rivera and reserved jurisdiction to divide the parties' property.[1] We reverse.
Appellant complains on appeal that the trial court abused its discretion by (1) retaining jurisdiction regarding the division of the parties' property until appellant was released from incarceration and able to appear before the court; (2) conducting an ex parte final judgment hearing; (3) failing to require a court reporter to transcribe the proceedings; (4) failing to allow 30 days to lapse between service of the notice of hearing and the final judgment hearing; and (5) failing to dismiss appellee/former wife's counterclaim because she failed to acknowledge a demand for discovery. Only one of these issues warrants reversal.
The lower court failed to comply with Fla.R.Civ.P. 1.440(c) in that it set the final hearing less than 30 days from service of the notice of hearing. The notice of final hearing is dated August 1, 1989, and the final hearing was held August 9, 1989. See Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987). This error requires reversal and remand for a new trial.
REVERSED AND REMANDED.
MINER and ALLEN, JJ., concur.
NOTES
[1] This is a partial judgment of dissolution which is final insofar as it dissolves the marital status of the parties. See Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1977). This court has jurisdiction to review the partial final judgment pursuant to Fla.R.App.P. 9.110(k).