PER CURIAM.
This cause is before us on appeal from a final judgment equitably distributing among the various claimants a bond held by the Department of Labor and Employment Security (DLES) as security for workers’ compensation benefits. Appellant contends, inter alia, that the trial court erred in conducting a final hearing without proper notice as required by Florida Rule of Civil Procedure 1.440(c).
On October 3, 1991, Scroggins filed with the court and opposing counsel a notice scheduling final hearing for October 8, 1991.[1] The notice was not received by Col-son’s counsel, who did not attend the final hearing. There was no order by the court setting the cause for trial pursuant to Florida Rule of Civil Procedure 1.440(c).
Upon learning that final hearing had been conducted, Colson filed a motion for rehearing with supporting affidavit. The court denied the motion for rehearing and entered final judgment on October 29, 1991.
Florida Rule of Civil Procedure 1.440(c) states in pertinent part:
If the court finds the action ready to be set for trial, it shall enter an order fixing *473 a date for trial. The trial shall be set not less than 30 days from the service of the notice for trial.
This rule has been held mandatory and applicable to final hearings as well as to trial. See, e.g., Rivera v. Rivera, 562 So.2d 833 (Fla. 1st DCA 1990).
We have previously “disapproved the local procedure of parties scheduling nonjury matters simply by having the trial date and time reserved on the judge’s calendar, followed by notice furnished by counsel to the opposing parties or their counsel.” Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986), citing, Padgett v. First Federal Savings & Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979); Rivera, supra.
Accordingly, the judgment is reversed and the cause remanded for proceedings consistent herewith.
BOOTH, SMITH and BARFIELD, JJ., concur.

. The only issue remaining was whether there should be a reduction of Scroggins’ interest in the security bond and corresponding increase in the other claimants' interest, by virtue of Scrog-gins’ having recourse against Florida Self-Insurers Guaranty Association, Inc.