GROSS, Judge,
dissenting.
The record reflects that appellant had no notice of the final hearing concerning the dissolution of his marriage. The final hearing was set by former wife’s attorney filing a notice of hearing entitled “final hearing of dissolution of marriage-uncontested calendar.” The notice states that it was mailed on June 21, 1994 for a hearing set on June 30, 1994. Appellant left for Greece on June 22, 1994, without receiving the notice mailed the day before. The hearing went forward on June 30 and a final judgment issued. At that time, appellant was in Greece, visiting his ill, 86-year old mother. Under these circumstances, it was an abuse of discretion for the trial court to deny appellant’s motion to vacate the final judgment. See Clement v. Marcus, Stowell & Beye, Inc., 516 So.2d 1137 (Fla. 4th DCA 1987). Additionally, the attorney’s notice setting final hearing was in violation of Florida Rule of Civil Procedure 1.440(c). The notice was not sent by the court, nor did it allow at least thirty days from service for the final hearing. Colson v. Scroggins, 606 So.2d 472, 473 (Fla. 1st DCA 1992); S.W.T. v. C.A.P., 595 So.2d 1084,1085 (Fla. 4th DCA 1992); Rivera v. Rivera, 562 So.2d 833 (Fla. 1st DCA 1990). Nothing in this record demonstrates that appellant waived compliance with rule 1.440(c). See Roggemann v. Boston Safe Deposit & Trust Co., 670 So.2d 1073, 1075 n. 2 (Fla. 4th DCA 1996).