820 So.2d 360 (2002)
Howard A. SHEPARDSON, Appellant,
v.
Krista S. SHEPARDSON, Appellee.
No. 1D01-4479.
District Court of Appeal of Florida, First District.
May 9, 2002.
Rehearing Denied July 25, 2002.
*361 Appellant, pro se.
Leandra G. Johnson of Norris, Koberlein & Johnson, Lake City, for Appellee.
PER CURIAM.
The appellee has filed a motion to dismiss this appeal from a Final Judgment of Dissolution of Marriage, Order of Continuance and Bifurcation of Trial. The order on appeal dissolves the marriage of the parties, bifurcates the proceedings and continues the remaining issues for disposition at a later date. Relying upon supreme court precedent, we have held such an order appealable as a "partial judgment of dissolution." See Rivera v. Rivera, 562 So.2d 833 (Fla. 1st DCA 1990). The appellee cites Klein v. Klein, 551 So.2d 1235 (Fla. 3d DCA 1989), and Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002), in support of the argument that the order is a nonfinal, nonappealable order. But neither of those cases involved a bifurcated dissolution proceeding. Both instead involved orders that purported to be final judgments, but failed to dispose of all issues. The lack of finality appeared to be by defect rather than by design. Neither Klein nor Hoffman is therefore on point. Accordingly, the appellee's motion to dismiss is denied.
However, we write to express a concern about whether orders such as this should be immediately appealable. The Florida Rules of Appellate Procedure provide for review of final orders and a certain class of nonfinal orders. Fla. R.App. P. 9.110, 9.130. Otherwise piecemeal appeals are not permitted. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974). The class of final appealable orders include partial final judgments of which there are two types. Orders that dispose of a separate and distinct portion of the litigation are considered sufficiently final so as to be subject to immediate appeal, as are orders that finally dispose of an entire case as to any party to the litigation. Fla. R.App. P. 9.110(k).
An order dissolving the marriage but declining to address the remaining issues has been treated as a partial final judgment. See Galbut v. Garfinkl, 340 So.2d at 470 (Fla.1976). The line of cases out of which this conclusion arose generally involves bifurcated dissolution proceedings. There is significant case law addressing the trial court's authority to dissolve a marriage while specifically reserving jurisdiction to address such other matters as alimony, child support, and the equitable distribution of property. See Hyman v. Hyman, 310 So.2d 378 (Fla. 2d DCA 1975); Klarish v. Klarish, 296 So.2d 497 (Fla. 3d DCA 1974); Lippincott v. Lippincott, 287 So.2d 144 (Fla. 3d DCA 1973). In Rivera *362 v. Rivera, 562 So.2d 833 (Fla. 1st DCA 1990), we reviewed an order that dissolved the marriage and reserved jurisdiction to divide the property as a "partial judgment of dissolution." We cited Galbut, in which the Florida Supreme Court held that a similar order was a partial judgment of dissolution that was "final insofar as the marital status of the parties is concerned." In Galbut, the Supreme Court cited Klarish for the proposition that it is common for a judge to enter an order dissolving the marriage and to reserve jurisdiction to determine the severable issues of alimony, custody and support. In Klarish, the Third District relied on Lippincott in concluding that issues of alimony, custody and support are severable, and that jurisdiction to dispose of those issues is commonly reserved after the marriage is dissolved. However, the specific idea that the issues are severable appears to have been generated in Klarish rather than Lippincott.
It appears to us that the courts have made a leap in analysis from an observation that it is (or was at the time) common practice for the trial court to bifurcate the proceedings, to a conclusion that the order dissolving the marriage is immediately appealable. But we fail to see why a trial court's authority to consider the dissolution proceedings in a piecemeal fashion should impact the appellate court's jurisdiction to review the resulting interlocutory orders.
It does not seem to us that the rationale and policy reasons behind allowing immediate appellate review of true partial final judgments exist in this context. An order dissolving the marriage but reserving jurisdiction over issues such as alimony, custody, support and property cannot be characterized as either of the two recognized types of partial final judgment: (1) a partial judgment that is final as to a discrete issue, or (2) a partial judgment that finally disposes of a party.
Because this case involves a recurring issue relating to the jurisdiction of the appellate courts of this state, we certify the following question of great public importance:
IS AN ORDER OF A TRIAL COURT BIFURCATING DISSOLUTION OF MARRIAGE PROCEEDINGS AND DISSOLVING THE MARRIAGE BUT RESERVING JURISDICTION TO CONSIDER THE REMAINING ISSUES IMMEDIATELY APPEALABLE AS A PARTIAL FINAL JUDGMENT.
MOTION DENIED; QUESTION CERTIFIED.
ALLEN, C.J., BOOTH and WEBSTER, JJ., CONCUR.