906 So.2d 356 (2005)
Willie WILSON, Former Husband, Appellant,
v.
Madeline F. WILSON, Former Wife, Appellee.
No. 1D05-1962.
District Court of Appeal of Florida, First District.
July 15, 2005.
*357 Robin K. Roberts, Jacksonville, for Appellant.
Jonathan A. Zahler, Jacksonville, for Appellee.
PER CURIAM.
Upon consideration of the appellant's response to the Court's order of May 31, 2005, the Court has determined that the appellant has failed to demonstrate that the order on appeal is a final order or otherwise appealable nonfinal order.
An order dissolving the marriage but reserving jurisdiction over issues such as child support, child custody, alimony and/or property issues, is not final. Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002); Klein v. Klein, 551 So.2d 1235 (Fla. 3d DCA 1989). In addition, an order which purports to become final upon the happening of an event specified in the order is not a final order and the happening of the event does not operate to render the order final. See Ponton v. Gross, 576 So.2d 910 (Fla. 1st DCA 1991). Therefore, the order is not rendered final by the happening of an event contemplated by the reservation of jurisdiction. Specifically, the mere expiration of the 60-day retention does not render the order final. Thus, the order on appeal, which retains jurisdiction to determine property distribution in the event of a disagreement between the parties, is a nonfinal order. For this reason, the appeal is hereby DISMISSED.
BROWNING, POLSTON, and HAWKES, JJ., concur.