975 So.2d 484 (2007)
Angela Holt DeJESUS, Appellant,
v.
Jose DeJESUS, Appellee.
No. 2D05-2434.
District Court of Appeal of Florida, Second District.
July 13, 2007.
Kara Hardin of Kara Hardin, P.A., Zephyrhills, for Appellant.
Debra J. Sutton and Sara-Jean Palmer of Sutton Law Firm, Bartow, for Appellee.
LaROSE, Judge.
Angela Holt DeJesus, the Wife, appeals the final judgment dissolving her marriage to Jose DeJesus, the Husband. She claims that the trial court erred in awarding to the Husband his entire 401K savings plan. We note, however, that the *485 trial court has yet to make a final distribution of marital assets and liabilities. Additionally, the trial court has not yet determined the Wife's child support obligations, if any. We conclude, therefore, that this portion of the final judgment is nonfinal and nonappealable; judicial labor below has not come to an end. See Wilson v. Wilson, 906 So.2d 356, 357 (Fla. 1st DCA 2005); Klein v. Klein, 551 So.2d 1235, 1235 (Fla. 3d DCA 1989). Consequently, we dismiss the appeal of the 401K issue without prejudice to the Wife's right to appeal upon entry of a final, appealable order. See Hoffman v. O'Connor, 802 So.2d 1197, 1198 (Fla. 1st DCA 2002).
The Wife also claims that the trial court erred in awarding primary residential custody to the Husband with shared parental responsibility and liberal, but supervised, visitation by the Wife. This ruling is appealable as a nonfinal order under rule 9.130(a)(3)(C)(iii) (allowing appeal of nonfinal orders determining custody).
The Husband's complaint alleges that the Wife suffered from health conditions impacting her ability to care for the minor child. There is no transcript of the final hearing. Thus, we cannot say whether the parties presented any evidence below regarding the Wife's health. The Wife has presented no record basis for a reversal on the custody issue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Pearce v. Pearce, 773 So.2d 1286 (Fla. 5th DCA 2000). We affirm without prejudice to the Wife to seek modification of the custody arrangement should a substantial change of circumstances occur.
Dismissed in part; affirmed in part.
KELLY and VILLANTI, JJ., Concur.