971 So.2d 210 (2007)
Arvita M. BLAND, Appellant,
v.
Michael BLAND, Appellee.
No. 5D07-431.
District Court of Appeal of Florida, Fifth District.
December 31, 2007.
*211 Carlton Pierce, of Carlton Pierce, P.A., Orlando, for Appellant.
Richard C. Mahler, of Law Office of Richard C. Mahler, P.A., for Appellee.
GRIFFIN, J.
Arvita M. Bland ["Wife"] has appealed the trial court's order dissolving her marriage to Michael Bland ["Husband"], resolving equitable distribution and personal property issues but reserving jurisdiction to hear evidence and determine Wife's claim for alimony. Because this is not an appealable order, we lack jurisdiction of this appeal and dismiss it.
After a three-year marriage, Husband filed a Petition for Dissolution of Marriage on October 1, 2004, and Wife filed a Verified Counter-Petition for Dissolution of Marriage and Other Relief. In her counter-petition, Wife included a request for alimony. On April 5, 2006, a non-jury trial was held in the case. On December 7, 2006, the trial court entered a "Final Judgment of Dissolution of Marriage," which dissolved the marriage, found that the real property was the sole non-marital property of Husband, restored Wife's previous name, and equitably distributed the couple's personal property. Additionally, the order included the following language:
5. WIFE'S CLAIM FOR ALIMONY.

The Court retains specific jurisdiction for either party to present additional evidence and argument on the issue of the Wife's claim for alimony.
On January 26, 2007, Wife appealed the trial court's December 7, 2006 order, complaining that the findings contained in the trial court's order were inadequate and that the trial court erred in its classification and distribution of the parties' assets.
Florida Rule of Appellate Procedure 9.030(b)(1) provides that district courts of appeal have the authority to review appeals from "final orders of trial courts, not directly reviewable by the supreme court or a circuit court" and "non-final orders of circuit courts as prescribed by rule 9.130." Partial final judgments are reviewable either on appeal from the partial final judgment *212 or on appeal from the final judgment in the entire case. Fla. R.App. P. 9.110(k).
Here, despite its title, the appealed order is not a final judgment disposing of the entire case, nor is it an appealable non-final order specified in Rule 9.130(3). The issue remaining is whether the appealed order is a "partial final judgment." For purposes of Rule 9.110(k), the term "partial final judgment" refers to orders that make a "final adjudication of a separate and distinct portion of a case" or "a judgment that `totally disposes of an entire case as to any party' but not all of the parties in the case." PHILIP J. PADOVANO, FLORIDA APPELLATE PRACTICE § 21.5 (2007 ed.); Shepardson v. Shepardson, 820 So.2d 360, 361 (Fla. 1st DCA 2002).
The case law indicates that an order that dissolves a marriage and reserves jurisdiction to determine all other issues is a partial final judgment for purposes of Rule 9.110(k). See Galbut v. Garfinkl, 340 So.2d 470 (Fla.1976); Shepardson, 820 So.2d at 361; Barnett v. Barnett, 743 So.2d 105 (Fla. 4th DCA 1999); but see Klein v. Klein, 551 So.2d 1235 (Fla. 3d DCA 1989). However, an order that dissolves a marriage and determines some issues but reserves jurisdiction as to other issues, is not a partial final judgment for the purposes of appeal. See Hoffman v. O'Connor, 802 So.2d 1197, 1197-98 (Fla. 1st DCA 2002) (Although the Final Judgment of Dissolution of Marriage appears final as to the issues addressed, the reservation of jurisdiction over related claims necessarily renders the order nonfinal.).
The issues of alimony and equitable distribution certainly involve "the same parties, the same transaction, and the same underlying factual background." PHILIP J. PADOVANO, FLORIDA APPELLATE PRACTICE § 21.5; see also §§ 61.075(1), 61.08, Fla. Stat. (2006). They are also inter-related because one can directly affect the other. See, e.g., Simon v. Simon, 542 So.2d 421 (Fla. 4th DCA 1989). Because the appealed order addresses an issue that is interrelated with an unresolved issue in the case, it is not final and, thus, not immediately appealable. Accordingly, Wife's appeal is dismissed for lack of jurisdiction.
Appeal DISMISSED.
ORFINGER and EVANDER, JJ., concur.