WHATLEY, Judge.
Annette M. Grey appeals the final judgment of dissolution of her marriage to Hector Grey. She alleges, and Hector concedes, that the final judgment must be reversed because neither party presented the requisite evidence of residency in Florida. We reverse.
Section 61.021, Florida Statutes (2007), provides that “[t]o obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition.” Section 61.052(2) requires that proof of compliance with this residency requirement be corroborated, and it sets forth what constitutes sufficient corroborating evidence. Here, the parties concede that although they both admitted to the other’s residency in Florida in their pleadings, those admissions are insufficient to establish compliance with the residency requirement. See Fernandez v. Fernandez, 648 So.2d 712, 713 (Fla.1995) (“[CJorroborating testimony *624 cannot be waived by an admission that the residency requirement has been met.”).
In light of the absence of evidence to establish compliance with the statutory residency requirement, the trial court erred in entering the final judgment of dissolution. Consequently, this court may not consider the remaining issues raised in this appeal but must reverse and remand for further proceedings consistent with this opinion. See Speigner v. Speigner, 621 So.2d 758 (Fla. 1st DCA 1998).
Reversed and remanded.
FULMER and KELLY, JJ., Concur.