GRIFFIN, J.
 

 Marjan McGuire [“Former Wife”] appeals a post-judgment order amending the final judgment previously entered in this dissolution of marriage proceeding. The order addresses Former Wife’s motion for relief from judgment based on clerical mistake pursuant to Florida Rule of Civil Procedure 1.540(a). Because we conclude that we lack jurisdiction, we are obliged to dismiss the appeal.
 

 Former Wife and James McGuire [“Former Husband”], a plastic surgeon, were married for twenty-eight years when Former Wife filed her petition for dissolution. Former Wife was a homemaker. The parties had a comfortable life-style, with significant assets and debts that needed to be equitably divided by the court. There was no dispute that Former Wife was entitled to permanent periodic alimony based on the length of the marriage.
 

 The final judgment of dissolution of marriage was filed on September 27, 2007. The final judgment dissolved the marriage and equitably divided the marital property and debts. The parties had a marital home valued at just over one million dollars, which they agreed to sell. Until the home sold, Former Husband was ordered to pay all expenses associated with the home. The trial court imputed income of $25,000 to Former Wife, and then awarded her $2,500 in monthly permanent alimony. The final judgment does not contain an award of fees and costs to Former Wife or a reservation of jurisdiction by the court to award fees and costs at a later date. The final judgment of dissolution was not appealed by either party.
 

 Within ten days of entry of the final judgment, Former Wife filed a motion to correct or rehear portions of the final judgment. Among other contentions, the motion described an error in the court’s computation of alimony:
 

 B. A clear mathematical error occurred when the Court attempted to translate
 
 annual
 
 available income to
 
 monthly
 
 available income — it simply divided an incorrect number by 12 in arriving at the monthly net available income. The Court found, albeit based on an incorrect computation (due to an erroneous tax inclusion in its formula as noted above), that the net (annual) income available for support of the parties was
 
 $166,229.00.
 
 However, it then divided the figure
 
 “$132,620.00”
 
 by 12 (instead of dividing $166,299.00 by 12) to determine the monthly net income available for support. This error resulted in $83,609.00 mistake in favor of the Former Husband and a loss to the Former Wife of $15,854.50 in annual net income, or $1,321.21 in monthly income which should have been made available to her....
 

 Former Wife asserted further that, based on this mathematical error, she was enti-
 
 *934
 
 tied to larger alimony award. On the issue of attorney’s fees, Former Wife alleged:
 

 8.
 
 Attorney’s Fees:
 
 The parties agreed that the Court would reserve jurisdiction in the Final Judgment to consider-Former Wife’s claim for attorney’s fees. The Final Judgment failed to do so and the Final Judgment should be amended accordingly pursuant to the parties’ stipulation and to allow the Former Wife due process (e.g., the Former Husband paid his attorneys’ fees directly from the business, whereas the Former Wife, as the evidence revealed, had to borrow at least a portion of her fees from her sister-see copy of Wife’s Exhibit # 24, attached hereto as Exhibit “B”).
 

 Although no explanation is offered, both parties agree that the trial court never ruled on Former Wife’s rehearing motion.
 

 Approximately one year later, Former Wife filed her motion for relief from judgment based on clerical mistake pursuant to rule 1.540(a). This motion re-asserted the mathematical error in the calculation of available income and attorney’s fees.
 

 Eventually, the trial court entered the appealed order. The trial court acknowledged the scrivener’s error in the net income and corrected the final judgment to reflect the proper figure. The trial court recognized that Former Wife wanted the alimony recalculated, but the trial court, instead, reserved jurisdiction to “address an increase in alimony ordered based upon this approximate $34,000 discrepancy in net income available for support.” The court ordered the parties “to confer in an attempt to resolve this matter within thirty (30) days of the date of this Order. Failing to resolve this matter, the parties are hereby ordered into mediation within sixty (60) days of the date of this Order.”
 

 Although the appealed order did resolve the issue of the scrivener’s error, that is not the point on appeal. The trial court has required the parties to make an effort to resolve the alimony increase issue and retained jurisdiction to do so if agreement is not reached. Based on the language of the order, the appealed order is “merely a preliminary order in a proceeding that will eventually culminate in a subsequent final order.” Philip J. Padovano,
 
 Florida Appellate Practice
 
 § 22.15, at 429 (2d ed. 1997). Because the appealed order addresses an issue where additional judicial labor is contemplated, the order lacks the requisite finality.
 
 See Bland v. Bland,
 
 971 So.2d 210, 212 (Fla. 5th DCA 2007);
 
 Grafman v. Grafman,
 
 488 So.2d 115 (Fla. 3d DCA 1986).
 
 [1]
 
 Under these circumstances, we conclude that we lack jurisdiction to entertain this appeal.
 

 APPEAL DISMISSED.
 

 ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . Former Husband contends that this Court lacks jurisdiction because Former Wife did not bring an appeal of the final judgment within thirty days of entry of the final judgment of dissolution. However, Former Wife's motion for rehearing was timely filed and has not been ruled upon by the trial court. See
 
 Pruitt v. Brock,
 
 437 So.2d 768, 772 (Fla. 1st DCA 1983);
 
 see also Smith v. Weede,
 
 433 So.2d 992, 992 (Fla. 5th DCA 1983).