# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-684
Lower Tribunal No. 18-17709
_____

**Marie J. Lambert Damas,**
Appellant,

vs.

**Scott C. Rappleye,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Henderson Legal Services, P.A., and Cassandra Henderson (Tampa), for appellant.

Scott Rappleye, in proper person.

Before FERNANDEZ, C.J., and SCALES and HENDON, JJ.

HENDON, J.

Maria J. Lambert Damas ("Wife") appeals from an Amended Final Judgment of Dissolution of Marriage. We reverse and remand for a new trial.

The Wife, who was acting pro se, filed an Urgent Motion to Change Trial Date, which the trial court denied following a hearing. Thereafter, the Wife filed an Urgent Motion for Reconsideration of Order to Change Trial Date, requesting that the trial court continue the July 23, 2020 non-jury trial. The Wife argued that the July 2, 2020 Uniform Order Setting Non-Jury Trial for July 23, 2020 failed to conform with Florida Rule of Civil Procedure 1.440(c) because the final hearing was set for a date less than 30 days from service of the notice of hearing.[1]

At the commencement of the non-jury trial on July 23, 2020, the trial court denied the motion for reconsideration. The non-jury trial was held over two non-consecutive days, and thereafter, the trial court entered a final judgment of dissolution of marriage, which was later amended. The

---

[1] Section 1.440(c) provides:

> **Setting for Trial.** If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of Judicial Administration 2.516.

Wife's appeal of the Amended Final Judgment of Dissolution of Marriage followed.

The Wife contends that the trial court's denial of her request to continue the trial date mandates reversal of the Amended Final Judgment of Dissolution Marriage. We agree.

Rule 1.440(c) mandates that the "[t]rial shall be set not less than 30 days from the service of the notice for trial." "Strict compliance with Florida Rule of Civil Procedure 1.440 is mandatory, and the failure to follow it is reversible error." Chancey v. Young, 303 So. 3d 259, 260 (Fla. 5th DCA 2020); see also Rivera v. Rivera, 562 So. 2d 833, 834 (Fla. 3d DCA 1990) (reversing for a new trial in a dissolution of marriage action where "[t]he lower court failed to comply with Fla. R. Civ. P. 1.440(c) in that it set the final hearing less than 30 days from service of the notice of hearing").

Here, the July 2, 2020 Uniform Order Setting Non-Jury Trial for July 23, 2020 did not strictly comply with rule 1.440(c). Therefore, we reverse the Amended Final Judgment of Dissolution of Marriage and remand with directions for the trial court to conduct a new trial.

Reversed and remanded for a new trial.