# Third District Court of Appeal
## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1942
Lower Tribunal No. 22-23472-FC-04
_____

**Arnold S. Wax,**
Appellant,

vs.

**Kerrin Friedman, as Personal Representative
of the Estate of Bonny L. Wax,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Kreusler-Walsh, Vargas & Serafin, P.A., and Stephanie L. Serafin and Rebecca M. Vargas (Palm Beach Gardens); Shafer Cohen, LLP, and Lewis R. Shafer (Boca Raton), for appellant.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for appellee.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

LOGUE, J.

Arnold S. Wax appeals a partial final judgment dissolving his marriage to Bonny Lee Wax.[1] He contends the judgment is void for lack of subject matter jurisdiction because the parties failed to present the statutorily required corroborating evidence of residency. The Wife, in turn, raises her own jurisdictional challenge. She argues this Court lacks jurisdiction to review the trial court's decision dissolving the marriage because the trial court reserved jurisdiction to adjudicate all other issues pertaining to the parties' dissolution of marriage action, thus rendering the judgment non-final and non-appealable.

Because we conclude the partial final judgment is final insofar as the marital status of the parties is concerned, we have jurisdiction. We are constrained, however, to reverse as the Husband is correct that no corroborating evidence of residency for either party was presented prior to entry of the partial final judgment.

## BACKGROUND

This appeal arises from a dissolution of marriage proceeding seeking to dissolve an approximately 55-year marriage. The Husband and Wife were

---

[1] Bonny Lee Wax, the Wife, passed away after the trial court entered the partial final judgment. Accordingly, Kerrin Friedman, as Personal Representative of the Estate of Bonny L. Wax, has been substituted as Appellee. This opinion will continue to refer to the Appellee as Wife for ease.

both in their mid-seventies at the time and shared three adult children. The Husband initiated the proceedings by filing a verified petition for dissolution of marriage, which alleged both parties had been residents of Florida for more than six months immediately preceding the petition. The Wife filed an answer and counterpetition for dissolution of marriage. She admitted the Husband's jurisdictional allegation and similarly alleged the parties had been residents of Florida for the six months preceding the filing. The Husband admitted the Wife's jurisdictional allegation.

After the case had been proceeding for almost a year, the Wife filed an emergency motion to bifurcate the proceedings and for immediate entry of a final judgment dissolving the marriage. She alleged she had three strokes in four months and was in a rehabilitation center following her most recent stroke. Due to her health condition and advanced age, the Wife asked the trial court to bifurcate the proceedings and enter a final judgment dissolving the marriage because she feared the Husband's documented delays and objections were deliberately designed to prolong proceedings until the Wife passed away. The Wife argued that if this occurred, she would lose all rights to equitable distribution along with any entitlements to assets held jointly by the Husband and Wife as tenants by the entireties.

The trial court set the Wife's emergency motion for a fifteen-minute Zoom hearing. The Husband and his counsel appeared at the hearing. The Wife's counsel also appeared at the hearing and advised the trial court the Wife was available and could join the hearing if the trial court wanted to hear from her.

At the conclusion of the hearing, the trial court stated it would be granting the divorce and called the Husband to testify. After swearing him in, the trial court asked the Husband whether he had lived in Florida for more than six months and whether the marriage was over. The Husband answered yes to both questions. No other evidence was introduced and at no time did the Husband or his counsel allege the trial court lacked subject matter jurisdiction or that either party's residency status was in question.

The trial court thereafter entered a partial final judgment dissolving the marriage and reserving jurisdiction on all other issues. In the partial final judgment, the trial court found it had "jurisdiction over the parties and the subject matter of this case." The trial court further found the Husband had "been a resident of Florida, for more than six (6) months before the filing of the [Husband's] Verified Petition for Dissolution of Marriage and Other Relief." Finally, the trial court found it had "the right to exercise its discretion to bifurcate the[ ] proceedings to grant the parties a divorce while reserving

4

as to all other issues based upon the age of the parties and that the health of the Wife might be an issue."

The Husband timely filed his notice of appeal, and one day later the Wife passed away. The Husband filed a suggestion of death with this Court and the personal representative for the Wife's estate was substituted as appellee. The Wife thereafter filed a motion to dismiss this appeal challenging this Court's jurisdiction to review the partial final judgment. We have carried that motion with the case.

## ANALYSIS

The Husband's sole argument on appeal is that the trial court lacked subject matter jurisdiction to enter the partial final judgment because there was no evidence presented corroborating residency as required by section 61.052, Florida Statutes. Before reaching this issue, however, this Court must determine whether it has jurisdiction to review the partial final judgment dissolving the parties' marriage. The Wife argues the Court lacks jurisdiction because the partial final judgment was the result of a bifurcated proceeding in which the trial court reserved jurisdiction to adjudicate all other issues pertaining to the parties' dissolution of marriage action. The Wife contends that, as a result, the partial final judgment is not in fact a final, appealable order. We address each issue below.

5

I.  Jurisdiction

The Wife argues dismissal of this appeal is required based on this Court's prior decisions in Klein v. Klein, 551 So. 2d 1235 (Fla. 3d DCA 1989), and Salzverg v. Salzverg, 696 So. 2d 1278 (Fla. 3d DCA 1997).

In Klein, this Court dismissed the wife's appeal of an order that dissolved the parties' marriage, reserved jurisdiction as to the issues of child custody, child support, alimony, and division of property, and enjoined the parties from disturbing any of their assets. Klein, 551 So. 2d at 1235. This Court reasoned that "[t]he order appealed from [was] clearly not a final appealable order because the judicial labor in the case [had] not come to an end . . . [and] the subject order [was] not one of the interlocutory orders appealable under [Florida Rule of Appellate Procedure] 9.130(a)." Id. (internal citations omitted). Notably, as was the case here, the trial court in Klein also "bifurcate[d] the marriage dissolution issue from the other issues in the case[.]" Id. at 1236.

Similarly, in Salzverg, this Court dismissed the husband's appeal "from a 'bifurcated' order which simply dissolved the parties' marriage . . . for lack of jurisdiction." Salzverg, 696 So. 2d at 1278. Salzverg did not include any significant reasoning, however, apart from citing to Klein.

6

While both cases would appear to be squarely on point, they neglect to mention or discuss the Florida Supreme Court's decision in <u>Galbut v. Garfinkl</u>, 340 So. 2d 470 (Fla. 1976). In <u>Galbut</u>, the Supreme Court was considering a partial judgment of dissolution which reserved jurisdiction to consider alimony and distribution, and which was entered because of the husband's failing health. <u>Id.</u> at 471-72. The lower district court, this Court, held that this partial judgment of dissolution was a non-final order but certified the question whether "an order dissolving a marriage prior to final judgment shall be regarded as an interlocutory order and not as a partial judgment." <u>Id.</u> at 473. The Supreme Court accepted jurisdiction, quashed the district court's order, and held that a "partial judgment of dissolution is final insofar as the marital status of the parties is concerned[.]" <u>Id.</u>

<u>Galbut</u> has been relied upon by almost every other district court to support the conclusion that an order that dissolves a marriage and reserves jurisdiction to determine all other issues is final and appealable as a partial final judgment pursuant to Rule 9.110(k). <u>See</u> <u>Shepardson v. Shepardson</u>, 820 So. 2d 360, 361 (Fla. 1st DCA 2002) ("An order dissolving the marriage but declining to address the remaining issues has been treated as a partial final judgment. The line of cases out of which this conclusion arose generally involves bifurcated dissolution proceedings. There is significant case law

7

addressing the trial court's authority to dissolve a marriage while specifically reserving jurisdiction to address such other matters as alimony, child support, and the equitable distribution of property." (internal citation omitted)); Haritos v. Haritos, 193 So. 3d 1050, 1052 (Fla. 2d DCA 2016) ("The June 2013 final judgment of dissolution was a partial final judgment insofar as the marital status of the parties was concerned."); Barnett v. Barnett, 743 So. 2d 105, 105 n.1 (Fla. 4th DCA 1999) ("We therefore conclude that where . . . the marriage is dissolved and one of the parties dies before the remaining issues are resolved, the order dissolving the marriage is appealable as a final judgment."); Bland v. Bland, 971 So. 2d 210, 212 (Fla. 5th DCA 2007) ("The case law indicates that an order that dissolves a marriage and reserves jurisdiction to determine all other issues is a partial final judgment for purposes of Rule 9.110(k).").

This Court, moreover, in at least one decision pre-dating Klein and Salzverg, seemingly deemed a final judgment of dissolution that reserved jurisdiction for a future determination of property rights to be a final, appealable order. See Behar v. Se. Banks Tr. Co., N. A., 374 So. 2d 572 (Fla. 3d DCA 1979). In Behar, this Court affirmed the final judgment of dissolution and noted the trial court "was perfectly justified in bifurcating" the issue of the dissolution of the parties' marriage from the remaining issues of

8

"property rights, special equities (if any), alimony, support, etc.," citing with approval to Galbut. Id. at 575.

Ultimately, while there is logic supporting this Court's prior decisions in Klein and Salzverg, see, e.g., Shepardson, 820 So. 2d at 362, this Court is bound by the Florida Supreme Court's decision in Galbut. See Solares v. City of Miami, 166 So. 3d 887, 888 (Fla. 3d DCA 2015) ("As judges sitting on a District Court of Appeal, '[w]e are bound to follow the case law set forth by the Florida Supreme Court[.]'" (quoting Carrithers v. Cornett's Spirit of Suwannee, Inc., 93 So. 3d 1240, 1242 (Fla. 1st DCA 2012))). Accordingly, we conclude we have jurisdiction to review the trial court's order dissolving the parties' marriage as it "is final insofar as the marital status of the parties is concerned[.]" Galbut, 340 So. 2d at 473.

II.    Merits

As it pertains to the merits, the Husband's argument that the trial court lacked subject matter jurisdiction because neither party presented the statutorily required corroborating evidence of residency, thus rendering the partial final judgment void, is correct and requires us to reverse.

Section 61.021, Florida Statutes, states that "[t]o obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition." Section 61.052(2), in turn, provides that

9

this residency requirement must be corroborated with evidence, which may include "a valid Florida driver license, a Florida voter's registration card, a valid Florida identification card issued under s. 322.051, or the testimony or affidavit of a third party[.]" § 61.052(2), Fla. Stat.

The Florida Supreme Court has stated that "Florida's residency requirement is jurisdictional and must be alleged and proved in every case." Fernandez v. Fernandez, 648 So. 2d 712, 713 (Fla. 1995). And "corroborating testimony cannot be waived by an admission that the residency requirement has been met." Id.

Here, while the Husband and Wife both sufficiently alleged residency in their petition and counter-petition, both admitted the residency allegations of the opposing party in their respective responses, and the Husband testified at the hearing that he had been a Florida resident for more than six months before filing the petition, neither party presented any corroborating evidence at the hearing.

Accordingly, because both parties failed to present corroborating evidence of their residence, the trial court lacked jurisdiction to render the partial final judgment. See, e.g., Wise v. Wise, 310 So. 2d 431, 432 (Fla. 1st DCA 1975) (holding trial court lacked jurisdiction to render final judgment where husband failed to properly present proof of his residency because his

testimony regarding residency was not corroborated); Grey v. Grey, 995 So. 2d 623, 624 (Fla. 2d DCA 2008) ("In light of the absence of evidence to establish compliance with the statutory residency requirement, the trial court erred in entering the final judgment of dissolution."); McNeil v. Jenkins-McNeil, 252 So. 3d 354, 356 (Fla. 5th DCA 2018) ("The residency requirement may not be established by the uncorroborated testimony of one party, nor can the requirement of corroborating evidence be waived by admission by the parties in the pleadings that the residency requirement has been met." (internal citations omitted)). Therefore, reversal of the partial final judgment is required.

Reversed.